PHILLIP A. TALBERT
United States Attorney
JAMES R. CONOLLY
ADRIAN T. KINSELLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BARTON JOSEPH SLOAN,<br><br>Defendant. | CASE NO. 2:20-CR-00022-DAD<br><br>STIPULATION TO CONTINUE JURY TRIAL AND RELATED DATES, AND TO EXCLUDE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: October 23, 2023<br>TIME: 9:00 a.m.<br>COURT: Hon. Dale A. Drozd |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a Jury Trial on October 23, 2023. Time has been excluded until October 23, 2023, under Local Code T4. ECF No. 60.

2. The defendant's motion to suppress remains pending. ECF No. 68. Additionally, at the October 17, 2023 hearing, the Court ordered the parties to file simultaneous supplemental briefing regarding *United States v. Rahimi,* 61 F.4th 443, 448 (5th Cir. 2023), regarding its applicability to the defendant's motion to dismiss, filed ECF No. 67.

3. By this stipulation, the parties now move to vacate the current trial dates and pretrial filing deadlines, and respectfully request that the Court set the following dates in this matter:

   a) Evidentiary Hearing on Defendant's Pending Motion to Suppress: October 23,

1  2023, at 9:00 am.

2          b)      Trial Confirmation Hearing:  February 6, 2024

3          c)      Trial commencement date: March 4, 2024 at 9:00 a.m.

4   4.  If the parties decide to file any additional pretrial motions, they will meet and confer, and
5 also clear dates with the Courtroom Deputy, so that any additional pretrial motions (should be there any)
6 will be briefed and heard in advance of the TCH.

7   5.  Additionally, the parties move to exclude time between October 23, 2022, and March 4,
8 2024 at 9:00 a.m., under Local Code T4, for attorney preparation for trial.

9   6.  The parties agree and stipulate, and request that the Court find the following:

10         a)      The discovery associated with this case includes police reports, court documents,
11  photographs, post-arrest interviews, laboratory reports, physical evidence, and approximately 4
12  terabytes of data extracted from devices seized from the defendant.  As explained below, the
13  extraction of some of this data is ongoing and will be produced to the defendant as it becomes
14  available.  Otherwise, all of this discovery has been either produced directly to counsel and/or
15  made available for inspection and copying.  Additional discovery is forthcoming.

16         b)      The government recently obtained a search warrant to obtain forensic extractions
17  of a cellular phone, a digital video recorder (DVR), and a hard drive found in the defendant's
18  home.  The capacity of the hard drive inside the DVR seized from Sloan's residence is 2
19  terabytes.  The government was able to successfully begin extracting data from this DVR on
20  October 15, 2023.  Because the DVR does not appear to be supported by current forensic
21  extraction technology, the government is exporting the video footage using the DVR's native
22  export function, which is exporting data very slowly. As requested by the defense, the
23  government is making this DVR available for their expert's review at the Roseville FBI office.

24         c)      Additionally, the defense forensic expert is currently reviewing months' worth of
25  recorded surveillance footage from a related address.

26         d)      As of the date of filing this stipulation, and at the defendant's request, the
27  government is performing an extraction of the defendant's phone.  This extraction is currently
28  being completed by a DEA forensic examiner in Lorton, VA.  The defendant will need time to

review this data once the parties have it.

e) At the defendant's request, the government is currently arranging to make physical evidence available for examination by their fingerprinting and DNA experts. The defense is still procuring a DNA expert. Part of the defendant's investigation includes attempting to procure DNA from David Hansen, another individual associated with this defendant.

f) The defendant is also reviewing approximately 800 jail calls, many of which are hour-long visitations.

g) Counsel for defendant desires additional time to consult with her client, review existing and forthcoming discovery, review the physical evidence, conduct investigation and research related to the charges, discuss potential resolutions with her client, and otherwise prepare for trial.

h) Given the amount and complexity of the discovery and the additional evidence discussed above, and given the parties' other obligations, March 4, 2024 is the soonest date the parties could be reasonably be available for trial.

i) Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

j) The government does not object to the continuance.

k) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

l) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of October 23, 2022 to March 4, 2024 at 9:00 a.m., inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

7. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

| Dated: October 17, 2023 | PHILLIP A. TALBERT<br>United States Attorney<br><br>/s/ JAMES R. CONOLLY<br>JAMES R. CONOLLY<br>ADRIAN T. KINSELLA<br>Assistant United States Attorneys |
|---|---|
| Dated: October 17, 2023 | /s/ SHARI RUSK<br>SHARI RUSK<br>Counsel for Defendant<br>BARTON JOSEPH SLOAN |

**ORDER**

Pursuant to the stipulation of the parties and good cause appearing, the jury trial date of October 23, 2023, and the current pretrial filing deadlines are hereby vacated. The following schedule in this case is now established:

a) Simultaneous supplemental briefing by the parties addressing the decision in *United States v. Rahimi*, 61 F.4th 443, 448 (5th Cir. 2023), and its applicability to the remaining aspect of defendant's motion to dismiss Count Three of the indictment to be filed by October 20, 2023 at 5:00 p.m.

b) Evidentiary Hearing on defendant's pending motion to suppress evidence and further hearing on motions set for October 23, 2023, at 9:00 a.m.

c) Last day for pretrial motions other than motions in limine to be heard set for January 9, 2024 at 9:30 a.m.

d) Trial Confirmation Hearing set for February 6, 2024 at 9:30 a.m.

e) Jury Trial set for March 4, 2024 at 9:00 a.m.

/////

The trial date in this case will not be again continued absent an extraordinary and compelling showing of good cause. Time is excluded from October 23, 2022 to March 4, 2024 at 9:00 a.m., inclusive, pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] and, in part, 18 U.S.C. § 3161(h)(1)(D) [Local Code E] based upon the remaining pending pretrial motions.

IT IS SO ORDERED.

Dated:  **October 17, 2023**

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE